# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORRAINE MARGELEWSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 06 C 6349 |
| COSCO INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Lorraine Margelewski has sued her former employer, Cosco Industries, Inc., alleging that Cosco terminated her employment because of her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1).[1] The case was originally set for trial on February 11, 2008, but the Court reset the trial date, not at the request of either party but because Margelewski's trial counsel represented a defendant in a case set for trial before the Court on the same date. In this order, the Court rules on the two remaining motions *in limine*.

## Discussion

**1. Cosco's motion to exclude statement to IDES**

After Cosco terminated Margelewski, she applied for unemployment compensation. In response to her application, Cosco submitted a statement to the

---

[1] Margelewski also asserted a claim against Cosco under the Family Medical Leave Act (FMLA), 29 U.S.C. § 615(a), but the Court granted summary judgment against her on that claim.

Illinois Department of Employment Security (IDES) on which it checked off that she was "discharged for misconduct." Cosco attached to the statement a narrative of its version of the events that led to Margelewski's discharge. In the narrative, Cosco stated that on October 24, 2005, Margelewski took a work break after the time she was permitted to do so, and a supervisor met with her to discuss the violation, giving her a copy of the schedule of permitted break times and discussing the importance of compliance. Cosco stated that Margelewski committed a similar violation the next day, and supervisory personnel met with her to discuss the violation and give her a written warning. Cosco stated that at the meeting, Margelewski refused to take the written warning, began to yell and swing her arms, then yelled "I'm leaving" and left Cosco's premises, "thereby abandoning her job without Cosco's authorization in violation of Cosco policy." Pl. Surreply, IDES Protest, Ex. A. Cosco concluded by stating that Margelewski's "activites constituted misconduct because they were in violation of Cosco's policies, harmful to Cosco and some of its employees, and, some of the violations (taking breaks at unpermitted times), were repeated even after an explicit warning from Cosco. Cosco, therefore, terminated [Margelewski] for misconduct." *Id.*

Margelewski has designated Cosco's response to her unemployment claim as an exhibit that she intends to offer at trial. Cosco's first objection is that Margelewski did not make timely disclosure that she intended to use this document as a trial exhibit. *See* Fed. R. Civ. P. 26(a)(3)(A)(iii) & (B). That arguable noncompliance, which almost certainly was harmless to Cosco in any event, was cured by the Court's continuance of the trial date on its own motion. Cosco has now had plenty of time to figure out how to deal with the document if it is admitted in evidence.

Cosco's primary argument is that the IDES statement should be excluded "because it is not relevant to this action, constitutes inadmissible hearsay and would be highly prejudicial to defendant." Motion *In Limine* ¶ 3. First, the statement plainly is not hearsay – offered by Margelewski, it is the statement of an opposing party, and thus under Federal Rule of Evidence 801(d)(2) it is not hearsay.

On the issue of relevance, Cosco argues that the statement does not make the existence of age discrimination more or less likely. The Court disagrees. Margelewski has a colorable argument that Cosco's statement to the IDES regarding why it terminated her is inconsistent with explanations supervisors have given on other occasions. When an employer gives shifting rationales for a challenged employment decision, that supports a contention that the real reason for the decision was a prohibited one. *See Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672, 677-78 (7th Cir. 2003). Cosco argues that the claimed inconsistency is more apparent than real, but that concerns the weight to be given the evidence, not its admissibility. The statement to the IDES is relevant, and Cosco's argument that the statement was made in a unique context and that this will have to be explained is insufficient to outweigh the statement's probative value in a way that would make it inadmissible under Federal Rule of Evidence 403.

For these reasons, the Court denies Cosco's motion to exclude its statement to the IDES.

2. **Cosco's motion to preclude evidence of alleged adverse actions**

In her ADEA claim, Margelewski challenged not just her termination, but earlier employment decisions concerning training opportunities and work assignments, as well

as allegedly too-close supervision after she returned from FMLA leave. With regard to the challenged actions other than her termination, the Court concluded on Cosco's summary judgment motion that even assuming Margelewski could show that these amounted to actionable adverse actions, "Cosco can show legitimate, nondiscriminatory actions for each of them and Margelewski has no evidence that these reasons are pretextual." *Margelewski v. Cosco Indus., Inc.*, No. 06 C 6349, 2008 WL 192326, at *5 (N.D. Ill. Jan. 18, 2008).

Margelewski acknowledges she cannot recover damages for these earlier acts. She nonetheless wants to offer evidence regarding the earlier events, saying that they "provide background information for the jury as part of the circumstantial evidence necessary for plaintiff to prove intentional discrimination." Pl. Resp. to Mot. *In Limine* at 1. Specifically, Margelewski argues that she should be permitted to present these matters to the jury to show that Cosco had a plan to terminate her based on her age; she contends that the training of two younger workers to perform functions that management had claimed were overstaffed reflects that it was, in effect, preparing to get rid of her – and that the company later found an excuse to do exactly that. *See* Pl. Surreply at 5. Margelewski contends that the Court's instructions to the jury will eliminate any possible confusion by making it clear that the claim the jury has to decide is whether she was terminated based on her age. Pl. Resp. to Mot. *In Limine* at 2.

Cosco argues that this evidence is irrelevant and that its admission would be unfairly prejudicial, because it would subject Cosco to a trial on matters on which it prevailed on summary judgment and likely would confuse the jury. The Court disagrees. First, Margelewski has articulated a viable theory of relevance, as discussed

in the preceding paragraph.

Second, admitting the evidence is in no way contrary to the Court's summary judgment ruling. The fact that the Court concluded that the earlier incidents are not separately actionable does not mean that Margelewski cannot offer evidence about them to try to prove her remaining claim. When the Court addressed Cosco's summary judgment motion, it understood Margelewski to contend that the earlier alleged incidents of adverse treatment were separately actionable, and it assessed them accordingly – examining whether they amounted to actionable adverse action and whether Margelewski had evidence from which a jury reasonably could find they amounted to prohibited age discrimination. The Court's ruling was that Margelewski could not sustain claims based on those earlier incidents. But the fact that Margelewski can no longer contend that the incidents were separately actionable does not make them irrelevant. To put it another way, an incident that a plaintiff cannot prove was *independently* discriminatory is not, for that reason, irrelevant. As the drafters of the Federal Rules of Evidence noted in explaining the Rules' concept of relevance, "'[a] brick is not a wall.'" Fed. R. Evid. 401, 1972 Advisory Committee Comments (quoting McCormick on Evidence § 152). The corollary to this is that the fact that a particular brick (a claimed adverse action) does not amount to an entire wall (a sustainable discrimination claim) does not preclude the plaintiff from using that brick to try to build a wall.

The Court acknowledges Cosco's argument regarding the potential for jury confusion but is confident that any such risk can be eliminated via careful instructions to the jury explaining what Margelewski's claim involves and the purpose for which the

5

evidence of the earlier actions is (and is not) admitted. The Court's practice is to instruct the jury regarding the elements of the plaintiff's claims not just at the end of the trial, but prior to opening statements as well, so the issue can be dealt with both before and after the evidence is admitted. The Court invites both parties to propose appropriate limiting instructions.

## Conclusion

For the reasons stated above, the Court denies defendant's motion *in limine* to exclude its statement to IDES and its motion *in limine* to preclude plaintiff from introducing evidence of alleged adverse actions other than her termination [docket nos. 38, 46].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 1, 2008